UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JUAN CARO, Individually and On Behalf of All Others Similarly Situated,**  **Plaintiff,**  V.  **CANNONBALL TRUCKING, INC,**  **Defendant.** | **CIVIL ACTION NO. 4:23-cv-03720**  **JURY TRIAL DEMANDED** |

**PLAINTIFF'S' ORIGINAL COLLECTIVE ACTION COMPLAINT & JURY DEMAND**

## SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. Plaintiff Juan Caro, and the employees he seeks to represent ("Collective Action Members"), are current and former hourly paid drivers employed by Defendant Cannonball Trucking, Inc. ("Defendant" or "Cannonball Trucking") during any work week three years prior to the time notice is issued.

3. This case implicates Defendant's longstanding policy of knowingly and deliberately failing to compensate Plaintiff and Collective Action Members for their overtime hours based on the time and one-half formula under the FLSA.

*Plaintiff's Original FLSA Collective Action Complaint*

4. Defendant violated the FLSA in the following manner:

   a. Defendant paid Plaintiff and Collective Action members a "straight-time wage," or at the same hourly rate for all hours worked including overtime.

5. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Collective Action Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6. Plaintiff seeks to recover, on behalf of himself and the Collective Action Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff also prays that the Collective Action of similarly situated hourly-paid drivers be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation as Opt-in Plaintiffs.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district and is headquartered in the Houston Division.

## PARTIES & PERSONAL JURISDICTION

10. Plaintiff Juan Caro is an individual who resides in Harris County, Texas. His written consent form to this action is attached as Exhibit "1" to this complaint.

11. The Collective Action Members are all hourly-paid drivers employed by Defendant at any time during the three years prior to filing of this Complaint up to the present.

12. Defendant Cannonball Trucking, Inc. is a Texas for profit corporation, which does business in Texas and is headquartered in Harris County, Texas. Defendant can be served with process through its registered agent: Ronald G. Eubanks at 11007 Telephone Rd. Houston, Texas 77075.

## FLSA COVERAGE

13. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

14. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendant has and continues to have employees engaged in commerce.

16. Based on information and belief, Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

17. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

18. Drivers, like the Plaintiff and Collective Action Members, are non-exempt employees under the FLSA.

## FACTS

19. Cannonball Trucking is a family-run trucking business in Houston, Texas that provides logistics services to clients worldwide.[1]

---

[1] See https://cannonballtrucking.com/ (last visited on 10/3/2023).

20. Plaintiff was employed by Defendant as a driver from on or about July 2021 through October 2023.

21. Plaintiff was paid at the same hourly rate of approximately $20 per hour for all hours worked, including hours worked over 40 in a workweek (i.e., straight time pay).

22. Plaintiff was also paid commissions payments; however, the bulk of his pay was that received for hourly pay. Plaintiff's commissions payments were approximately $150 per pay period.

23. Plaintiff primarily drove for Defendant in Texas. Plaintiff drove once a month to Louisiana and once to Alabama during the entire tenure with Defendant.

24. The majority and a meaningful portion of time drivers spend driving for Defendant involves small company owned vehicles that weigh less than 10,000 pounds.

25. In the case of Plaintiff, he drove a small vehicle that weighed less than 10,000 pounds exclusively for the first six months to a year of his employment. Defendant labels its small vehicle drivers as "lift gate drivers".

26. Thereafter, Plaintiff regularly drove small vehicles weighing less than 10,000 pounds as well as larger vehicles weighing over 10,000 pounds.

27. Defendant uses Samsara Time Tracking for Truck Drivers, which tracks time and the equipment used by the drivers. When Plaintiff drove a small vehicle, he would enter truck number 1035. When Plaintiff drove a heavier truck, he entered truck number 1330.

28. Defendant does not pay the federally mandated premium of time-and-a-half for hours worked over forty (40) in a workweek. Rather, Defendant pays its drivers "straight time pay" for all hours worked, despite them driving small vehicles that place them outside of any exemption to overtime pay like the Motor Carrier Act ("MCA").

29. Furthermore, Defendant fails to include all hours worked when paying straight time pay and overtime. Specifically, Plaintiff worked at least 60 hours per week on a regular basis, but Defendant only paid for 40 hours of work. Defendant has knowledge of Plaintiff's overtime hours because it issues a phone to Plaintiff that tracks his work start time and end times based on arrival to the worksite and departure at the end of the day.

30. No exemption or other exception to the payment of overtime under the FLSA applies to hourly paid manual laborers like the Plaintiff. Plaintiff is entitled to his overtime pay at the federally mandated overtime rate, which is calculated by including all remunerations paid that includes both hourly and commission pay.

## COLLECTIVE ACTION ALLEGATIONS

31. As part of its regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Collective Action Members by engaging in a pattern, practice, or policy of violating the FLSA on a Collective Action wide basis, as described above.

32. Although Defendant permitted and/or required Collective Action Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

33. Plaintiff bring this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendant as drivers within three (3) years from the commencement of this action.

34. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff, since his claims are similar to the claims possessed by Collective Action Members.

35. Plaintiff has actual knowledge that Collective Action Members working for Defendant have likewise been denied overtime at the rate mandated by the FLSA.

36. Plaintiffs is similarly situated to the Collective Action Members. Collective Action Members perform or have performed the same or similar work as the Plaintiff.

37. Like Plaintiff, the Collective Action Members were paid only for straight time for all hours worked above 40 each week. Likewise, they were paid a commission in addition to hourly pay.

38. The names and addresses of the Collective Action Members of the collective action are discoverable from the Defendant. To the extent required by law, notice will be provided to these individuals via Mail, Email, Text, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

39. Although the exact amount of damages may vary among Collective Action Members, damages can be calculated, summed, and allocated based on a simple formula.

40. The claims of the Plaintiff and Collective Action Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendant to comply with its obligation to legally compensate their employees.

41. As such, the Collective Action of similarly situated individuals is properly defined as follows:

> **All current and former drivers employed by Cannonball Trucking during the three-year period before the filing of this complaint up to the present.**

### VIOLATION OF 29 U.S.C. § 207

42. Plaintiff incorporates the preceding paragraphs by reference.

43. Defendant violated the FLSA by failing to pay Plaintiff and Collective Action Members overtime based on the statutory formula provided in the FLSA.

44. For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiff and Collective Action Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

45. Defendant violated and continues to violate the FLSA when it failed to pay Plaintiff and Collective Action Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

46. No exemption provided in the FLSA or recognized by courts authorizes the Defendant to disregard paying overtime to their employees when such overtime is earned.

47. Defendant's failure to pay overtime to Plaintiff and Collective Action Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to this action and Defendant is liable for liquidated damages.

## DAMAGES SOUGHT

48. Plaintiff and Collective Action Members are entitled to recover their unpaid overtime compensation.

49. Plaintiff and Collective Action Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## JURY DEMAND

50. Plaintiff and Collective Action Members hereby demand a trial by jury.

## PRAYER FOR RELIEF

51. For these reasons, Plaintiff and Collective Action Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. All unpaid wages;

   b. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   e. Post- judgment interest; and

   f. Such other relief to which Plaintiff and Collective Action Members may be entitled, at law or in equity.

Dated: October 3, 2023

Respectfully submitted,

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@wageandhourfirm.com
Melinda Arbuckle
Texas Bar No. 24080773
marbuckle@wageandhourfirm.com
**WAGE AND HOUR FIRM**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
Telephone: (214) 489-7653
Fax: (469) 319-0317

COUNSEL FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS